UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KIFWA HUGUE MUKONKOLE,

                                        Petitioner,

                                                                Case # 20-CV-6599-FPG

v.

                                                                DECISION AND ORDER

ATTORNEY GENERAL MERRICK B. GARLAND, et al.,

                                        Respondents.

_____

  *Pro se* Petitioner Kifwa Hugue Mukonkole brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility on the grounds that his "removal from the United States is not likely to occur within the reasonable foreseeable future." ECF No. 1 at 5. On February 17, 2023, Respondents filed a response opposing the petition on the ground that Petitioner's removal was indeed imminent, and further indicating that Petitioner "had travel documents and is currently scheduled to fly back to the Democratic Republic of the Congo on or after March 1, 2023." ECF No. 6-1 at 2. On March 9, 2023, Respondents notified the Court that on March 1, 2023, Petitioner was removed from the United States. *See* ECF No. 7-1 at 3.

  Given Petitioner's removal, the Court *sua sponte* dismisses this action as moot. *See Santos v. Garland*, No. 21-CV-6446, 2021 WL 6064388, at *1 (W.D.N.Y. Dec. 22, 2021) (dismissing a habeas petition *sua sponte* because the petitioner had been removed); *Bourdon v. Walker*, 453 F. Supp. 2d 594, 599 n.13 (N.D.N.Y. 2006) ("Federal courts must consider sua sponte matters, such as whether an action has become moot, that touch upon the court's subject matter jurisdiction."); *Santos v. Garland*, No. 21-CV-6446, 2021 WL 6064388, at *1 (W.D.N.Y. Dec. 22, 2021). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Cuong Le v. Sessions*, No. 17-CV-1339, 2018 WL 5620290, at *2

(W.D.N.Y. Oct. 29, 2018).  To the extent a habeas petition challenges only the alien's continued detention, the petition becomes moot once the petitioner is removed.  *See, e.g.*, *Torres v. Sessions*, No. 17-CV-1344, 2018 WL 5621475, at *2 (W.D.N.Y. Oct. 29, 2018) (collecting cases); *Garcia v. Holder*, No. 12 Civ. 3792, 2013 WL 6508832, at *2 (S.D.N.Y. Dec. 11, 2013) (same).  This is because the relief sought in the "habeas proceeding— namely, release from continued detention in administrative custody—has been granted".  *Arthur v. DHS/ICE*, 713 F. Supp. 2d 179, 182 (W.D.N.Y. 2010). In other words, the "issues presented" in the habeas petition "are no longer live." *Cuong Le* at *2. Accordingly, Petitioner's challenge to his continued detention has become moot in light of his removal from the United States, and his Petition is dismissed.  *See Arthur* at 182.

## CONCLUSION

For the foregoing reasons, the Petition is DISMISSED.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 14, 2023
       Rochester, New York


_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York